## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Yoder & Frey Auctioneers, Inc., an Ohio corporation, | ) | Case No.: _____ |
| | ) | Judge _____ |
| RealTimeBid.Com, LLC, an Ohio limited liability company, | ) | **COMPLAINT** |
| Plaintiffs, | ) | David W. Stuckey (0016902) |
| | | Thomas A. Gibson (0033206) |
| v. | ) | Robison, Curphey & O'Connell, LLC |
| | | Ninth Floor, Four SeaGate |
| John Doe, name and address unknown, | ) | Toledo, OH 43604 |
| | | 419-249-7900 |
| Defendant. | ) | 419-249-7911 (FAX) |
| | | tgibson@rcolaw.com |
| | ) | |
| | | Counsel for Plaintiffs |
| | ) | Yoder & Frey Auctioneers, Inc. and RealTimeBid.Com, LLC |
| | ) | |

### COMPLAINT

Plaintiffs Yoder & Frey Auctioneers, Inc. and RealTimeBid.Com, LLC for its Complaint against John Doe, name unknown, states as follows:

### NATURE OF ACTION

1. This action is based upon (A) the Computer Fraud and Abuse Act 18 USC §1030 et seq., (B) Common Law Fraud, and (C) Common Law Trespass to Chattel. Plaintiffs seek injunctive and other equitable relief and damages against the Defendant who has and continues to cause irreparable injury to Plaintiffs and Plaintiffs' customers.

## PARTIES

1. Plaintiff Yoder & Frey Auctioneers, Inc. ("Yoder & Frey") is a corporation duly organized and existing under the laws of the State of Ohio, having its principal place of business in Holland, Ohio.

2. Plaintiff RealTimeBid.Com, LLC ("RTB") is a limited liability company duly organized and existing under the laws of the State of Ohio, having its principal place of business in Holland, Ohio.

3. Defendant John Doe is an individual, group of individuals or an entity that has used various computers and various Internet service providers through cellular 3G aircards, DSL modems, and cable modems to wrongfully access Plaintiffs' computer system to cause harm and damage to Plaintiffs.

4. Plaintiffs are unaware of the true names of the John Doe Defendants sued herein and therefore sues these Defendants by such fictitious names.

5. Plaintiff will amend this Complaint to allege the Defendant's true names and capacities when ascertained. Plaintiffs will exercise due diligence to determine Defendants' true names, capacities and contact information, and to effect service upon these John Doe Defendants.

6. Upon information and belief, the John Doe Defendants are responsible for the occurrences herein alleged and that Plaintiffs' injuries as herein alleged were proximately caused by such John Doe Defendants.

7. Third Parties, including but not limited to, Comcast Cable, Embark DSL, Verizon Wireless, Verizon Internet and/or Cox Communications provided one or more of the John Doe Defendants with internet access and an IP address which such John Doe Defendant

used to access Plaintiffs' online auction bidding systems for the purpose of posting false and damaging information, and to place and attempt to place false bids leading to harm and direct damages to Plaintiffs.

## JURISDICTION AND VENUE

8. This action arises out of the John Doe Defendants' violation of the Federal Computer Fraud and Abuse Act (18 USC §1030). Therefore, the Court has subject matter jurisdiction of this action based on 28 USC §1331. This is also an action for fraud and trespass to chattels. This Court has subject matter jurisdiction of such claims under 28 USC §1368.

9. Upon information and belief, the John Doe Defendants maintain computers and Internet connections and engage in other conduct availing themselves of the purpose of conducting business in the State of Ohio and have directed acts complained of herein toward Ohio and Ohio-based companies. In particular, the John Doe Defendants have used the computers and Internet to purposefully and wrongfully access the online bidding systems of Plaintiffs located and operated within the State of Ohio for auctions conducted within the State of Florida.

10. The John Doe Defendants have undertaken the foregoing purposefully and with the knowledge and intent that such acts would cause harm at auctions conducted by Plaintiffs. Therefore this Court has personal jurisdiction over the John Doe Defendant.

11. Pursuant to 28 USC §1391(b) venue is proper in this judicial district of substantial part of the events and result giving rise to Plaintiffs' claims occurred within this judicial district.

## FACTUAL BACKGROUND

12. Plaintiff Yoder & Frey is an auction company located in the State of Ohio licensed to conduct auctions in the State of Ohio and various other states.

13. A significant portion of Plaintiff Yoder & Frey's business is an annual auction in Florida of heavy construction equipment which has been held for the last 36 years.

14. In recent years, including 2010, the annual Florida auction has been held in Osceola County, Florida.

15. These are live auctions with, for the most part, the equipment physically located at the auction site.

16. Many prospective buyers physically attend the auction either personally or by a representative.

17. As a service to its sellers and buyers, Yoder & Frey has, for the past several years, offered prospective buyers from many states including the State of Ohio the option of monitoring the auction and submitting bids online over the Internet.

18. For the annual auction conducted February 8 through 16, 2010, Yoder & Frey hired RTB to "broadcast" the auction over the Internet as well as to conduct and administer the online bidding process.

19. RTB is in the business of providing online auction sale and bidding services to auctioneers conducting auctions.

20. As part of its service, RTB accepts online bidder applications and, along with Yoder & Frey, reviews and approves prospective bidders for participation in the auctions.

21. Prior to and during the annual Florida auction in 2010, the John Doe Defendants, without authorization, wrongfully and intentionally accessed the online bidding

system using an administrative user name and password in order to post untrue, negative and defamatory statements on a chat board maintained as part of the system.

22. After the unauthorized use of the administrative user name and password was discovered and terminated by Plaintiffs, John Doe Defendants, without authorization, wrongfully and intentionally assumed the identity of a long-time customer of Yoder & Frey and using this stolen identity registered as a bidder for the annual Florida auction.

23. John Doe Defendants, using the stolen identity, continued to post untrue negative and defamatory statements about Plaintiffs on the chat board.

24. On February 10 and 11, 2010, John Doe Defendants using the stolen identity registration, submitted false bids on many items in the annual Florida auction sale and, in fact, submitted the highest bid on eighteen (18) items with a combined purchase price of $1,171,074.00.

25. John Doe Defendants failed to pay for the items on which they had submitted the high bids.

## INJURY CAUSED BY JOHN DOE DEFENDANT

26. Plaintiff Yoder & Frey suffered injury and damages resulting from John Doe Defendants' actions including but not limited to damage to its business reputation, loss of buyer's and seller's sales commissions and the cost of mitigating damages by making the sellers of such items whole as well as other damages.

27. Plaintiff RTB suffered injury and damage resulting from John Doe Defendants' actions including but not limited to damage to its business reputation and the loss of sales, commissions and other losses associated with John Doe Defendants' actions.

28. John Doe Defendants' actions were an intentional, malicious, unauthorized intrusion into Plaintiffs' online bidding system with the sole purpose to intentionally cause the Plaintiffs harm and damage.

## FIRST CLAIM FOR RELIEF

### Violation of Computer Fraud and Abuse Act 18 USC §1030

29. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 28.

30. John Doe Defendants knowingly and intentionally accessed Plaintiffs' computers and online bidding system without valid authorization or in excess of any authorization and as a result of such conduct caused damage and loss (18 USC §1030(a)(5)(c)).

31. John Doe Defendants' conduct has caused a loss to Plaintiffs during a one year period in excess of $5,000.00.

32. Plaintiffs have suffered damages resulting from John Doe Defendants' conduct.

33. Plaintiffs seek compensatory and punitive damages under 18 USC §1030 in an amount to be proven at trial.

34. As a direct result of John Doe Defendants' actions, Plaintiffs have suffered and continue to suffer irreparable harm for which Plaintiffs have no adequate remedy at law and which will continue unless John Doe Defendants' actions are enjoined.

## SECOND CLAIM FOR RELIEF

### Common Law Fraud

35. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in paragraphs 1 through 34 above.

36. John Doe Defendants' actions in using Plaintiffs' administrative log-in information, registering as a bidder under a stolen identity and submitting false bids using that stolen identity were malicious, false and fraudulent resulting in a false bidder being submitted and accepted which resulted in lost sales commissions as well as significant, direct cost to Plaintiff Yoder & Frey incurred in making its customer sellers whole as well as other incurred damages.

37. John Doe Defendants' actions were taken with the knowledge and intent to defraud the Plaintiffs for the sole purpose of causing damage to the Plaintiffs.

38. As a direct result of John Doe Defendants' fraudulent conduct, Plaintiffs have been damaged in an amount to be proven at trial.

39. As a direct result of John Doe Defendants' fraudulent conduct, Plaintiffs have suffered and continue to suffer irreparable harm for which Plaintiffs have no adequate remedy at law which will continue unless John Doe Defendants' actions are enjoined.

### THIRD CLAIM FOR RELIEF

### Common Law Trespass to Chattels

40. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in paragraphs 1 through 39 above.

41. John Doe Defendants' actions in using Plaintiff's administrative log-in information and in registering under a false identity resulted in an unauthorized access to Plaintiff's online computer bidding system resulting in a false bidder being submitted and accepted which resulted in damage to Plaintiff Yoder & Frey and RTB.

42. As a direct result of John Doe Defendants' unauthorized and intentional conduct, Plaintiffs have been damaged in an amount to the proven at trial.

43. As a direct result of John Doe Defendants' actions, Plaintiffs have suffered and continue to suffer irreparable harm for which Plaintiffs have no adequate remedy at law which will continue unless John Doe Defendants' actions are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

1. Enter a judgment in favor of Plaintiffs against John Doe Defendants.

2. Declare that John Doe Defendants' conduct and actions have been willful and unauthorized and that John Doe Defendants acted with fraud, malice and oppression.

3. Enter a preliminary and permanent injunction enjoining John Doe Defendants and their agents, officers, employees, principals, successors and assigns, and all persons and entities in active concert or participation with them from engaging in any of the activities complained of herein or from causing any of the injury complained of herein as well as prohibiting John Doe Defendants from accessing in any way the Plaintiffs' online or bidding system directly or indirectly including, but not limited to, registering as a bidder or participating under any name or identity, submitting bids directly or indirectly, viewing any on-line "broadcasts" of auction sales conducted by or in which Plaintiffs otherwise participate as a service provider and from physically attending any auction sale conducted by Plaintiff Yoder & Frey.

4. Enter judgment awarding Plaintiffs actual damages from John Doe Defendants adequate to compensate Plaintiffs for damages caused by John Doe Defendants' activities complained of herein including but not limited to interest and costs, in an amount to be proven at trial.

5. Enter judgment awarding enhanced, exemplary, punitive and special damages in an amount to be determined at trial.

6. Enter judgment awarding attorneys' fees and costs.

7. Order such other relief as the Court deems just and reasonable.

Dated: July 19, 2010

Respectfully submitted,

ROBISON, CURPHEY & O'CONNELL

/s/ David W. Stuckey
David W. Stuckey
Thomas A. Gibson
Four SeaGate, Ninth Floor
Toledo, OH 43604
Attorneys for Plaintiffs Yoder & Frey
Auctioneers, Inc. and RealTimeBid.Com, LLC

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury on all issues so triable.

Dated: July 19, 2010

Respectfully submitted,

ROBISON, CURPHEY & O'CONNELL

/s/ David W. Stuckey
David W. Stuckey
Thomas A. Gibson
Four SeaGate, Ninth Floor
Toledo, OH 43604

Attorneys for Plaintiffs Yoder & Frey
Auctioneers, Inc. and RealTimeBid.Com, LLC