IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

YODER & FREY AUCTIONEERS, INC., et al.,

                      Plaintiff,                  Case No. 3:10 CV 1590

   -vs-

                                                    O R D E R

EQUIPMENTFACTS, LLC, et al.,

                      Defendant.

KATZ, J.

On April 8, 2013, this Court issued a Memorandum Opinion denying defendant EquipmentFacts, LLC's motion *in limine* and for summary judgment. (Docs. 80 & 81.) Before the Court now is EquipmentFacts' motion for reconsideration of that denial. (Doc. 82.)

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). In its latest motion and reply, EquipmentFacts stresses a number of weaknesses in the plaintiffs' evidence itself and weaknesses in how the plaintiffs preserved some evidence and allowed some to be destroyed. Weak evidence, conflicting testimony, contradictory evidence, and rebuttable evidence do not rise to the level of spoliation. Spoliation is the culpable destruction of relevant evidence where there is a duty to preserve it. *Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). Thus, simply saying the other party's evidence is weak does not lead to a finding that he spoliated the stronger evidence. The Court must find some specific piece of evidence that the plaintiffs should have preserved but actually destroyed. *Id.*

EquipmentFacts does not point to a particular log file or a specific dataset as relevant to its defenses and instead just says the plaintiffs should have preserved the running computer system including the hardware and software (or, at least a forensic image of that). EquipmentFacts' expert

says that he needs a forensic image of the system to extract the full log files, look for evidence of tampering, determine whether the software creates accurate log files, and look for viruses. (Doc. 77-4 at 107-08.) This request is not entirely without merit; if EquipmentFacts used its analysis of the running system to determine that the system was prone to keep inaccurate records, that may bolster its case. Nevertheless, this does not meet the standard to show spoliation. EquipmentFacts needed to show that what it would discover was actually relevant, not just that it may have found relevant material if it uncovered a defect in the plaintiffs' software system. *Beavens* 622 F.3d at 553 (the movant must establish "that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." (quotation omitted)). For this reason, preservation of an entire running system is a rare remedy and is often associated with suits premised on a defect in the system to be preserved. *E.g.*, *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 586 (4th Cir. 2001) (finding spoliation from the sale and repair of a car in a products liability suit alleging an airbag failed to deploy properly).

While EquipmentFacts finds fault with the Court's use of *John B. v. Goetz*, it points to no on-point case law. 531 F.3d 448 (6th Cir. 2008). In spite of the fact that EquipmentFacts insists that one accused of improper entry is entitled to dust the entered premises for fingerprints (Doc. 35-1 at 7), the Court cannot find authority suggesting that or further suggesting that when a plaintiff sues over an electronic trespass, he must maintain the trespassed-upon premises in addition to the evidence of the trespass. EquipmentFacts has not shown the Court how requiring the preservation of this system would be different than requiring the preservation of every camera that takes a photo that will be admitted or requiring the preservation of every automobile involved

2

in an accident (noting the exception where a defect in the automobile is alleged to have caused the injury, *Silvestri*, 271 F.3d at 586).

EquipmentFacts also takes issue with the Court referring to Yoder & Frey's controller, Dante Pletcher's, testimony, now saying that this is inappropriate because his testimony is part of the evidence they sought to exclude and saying the testimony is inadmissible because he is not an expert. EquipmentFacts presents no legal support for the theory that a court cannot consider the evidence it is asked to exclude and such a blanket rule would be contrary to logic in many cases. Furthermore, EquipmentFacts misuses the question of admissibility as it applies to summary judgment. Rule 56(c)(2) allows a party to, in its summary judgment motion, demonstrate to the court that the other side's evidence will not be able to be entered as admissible evidence at trial. After the plaintiffs cited Mr. Pletcher's testimony for the very proposition the Court used it for, EquipmentFacts never suggested the testimony could not be presented in an admissible form. This is not appropriately first raised on a motion to reconsider and the Court did not commit clear error by crediting Mr. Pletcher's testimony for a limited proposition.

Nothing in EquipmentFacts' motion to reconsider moves the spoliation ball from where it was when the Court issued its April 8 Order. EquipmentFacts has not shown that a forensic image of the running system immediately after the data breach is relevant evidence that the plaintiffs had a duty to retain that and instead culpably destroyed it. The Court will not reconsider its ruling on the motion *in limine*.

In its original motion, EquipmentFacts asked for summary judgment on two theories: first, only if the Court granted the motion *in limine* and, second, asserting that the plaintiffs cannot show a loss as the Computer Fraud and Abuse Act requires to state a claim. 18 U.S.C. §

1030(e)(11). In its decision, the Court rejected the first theory because it rejected the motion *in limine* and rejected the second theory after some analysis of what the plaintiffs could show. The motion to reconsider only asks the Court to reconsider the first theory of summary judgment, which the Court denies because it is not granting the motion *in limine*. Because EquipmentFacts does not request it, the Court will not revisit the second theory of summary judgment.

For the reasons stated herein, the Court denies EquipmentFacts' Motion for Reconsideration. (Doc. 82.)

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE