IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

YODER & FREY AUCTIONEERS, INC.,

                Plaintiff,              Case No. 3:10 CV 1590

  -vs-

                                            O  R  D  E  R

EQUIPMENTFACTS, LLC,

                Defendant.

KATZ, J.

      Before the Court now are four motions *in limine* filed by defendant EquipmentFacts, LLC, asking the Court to bar certain evidence and testimony in the upcoming trial. Plaintiffs oppose all four motions. Defendant has supplemented its motion with a letter in reply.

### **Standard**

      Motions *in limine* "may be directed toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 James Wm. Moore, Moore's Federal Practice § 16.77[4][d][ii] (3d ed. 2013). The Court has the inherent authority to manage the course of trials, so it may exclude evidence *in limine*, but does so only when the evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The party moving to exclude evidence has the burden of establishing the inadmissibility of the evidence for any purpose, *Mason v. City of Chicago*, 631 F.Supp.2d 1052, 1056 (N.D. Ill. 2009), and the trial court is afforded broad discretion in such a ruling. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012).

      Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial, nor does the grant of a motion *in limine* mean that the evidence is necessarily excluded. When trial evidence unfolds differently, the court will entertain

objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

## Analysis

**1. Motion *in limine* to bar any testimony, other evidence or argument related to IP addresses or other information received from ISPs that are not correlated with the specific date and time of an allegedly false bid, (Doc. 102)**

Plaintiffs allege that their software logs show that the false bids came from a certain set of IP addresses, so they sent subpoenas to a series of Internet Service Providers (ISPs) requesting information on who had leased those IP addresses at specific times. Three ISPs responded that the IP addresses in question were leased to the defendant (or some affiliate thereof) in the time frame the plaintiffs requested.

Defendant says that, with one exception, the times requested by the plaintiffs (and responded to by the ISPs) do not correlate with the times of the false bids, and, in its reply, it clarifies this by claiming there is no dispute that two of defendant's employees logged into the bidding system. Defendant says the entire dispute is whether the employees placed the false bids while in the system and it asks the Court to bar evidence of the defendant accessing the computer system at other times, asserting that those accesses are not relevant because they do not tend to show the defendant accessed it at the time of the false bids and they could be prejudicial.

One party admitting to a fact or stipulating to an element does not automatically preclude the other party from offering proof on that, unless the proof would otherwise violate Rule 403. *United States v. Mercado*, 828 F.2d 20 (6th Cir.1987). For this reason, the acknowledgment that

defendant's employees logged into the bidding system does not preclude the evidence of that as long as it is relevant and not otherwise excludable.

Access around the time of the false bids tends to show the defendant was establishing a connection to the system, testing credentials in the bidding system, and seeing how well its competitor's bidding system worked. The mere fact that it shows the defendants entering the system at times other than when the false bids were placed does not make it prejudicial or confusing to the jury. Of course, defendant retains the ability to call the jury's attention to any time discrepancies and could potentially move for a directed verdict if plaintiffs get to the end of the trial without introducing any evidence of defendant's access at the time of the false bids. This, however, does not make the evidence of defendant's unauthorized access at times other than when the false bids were placed irrelevant. Thus, the Court denies this motion *in limine*. (Doc. 102.)

**2. Motion *in limine* to bar any testimony, other evidence, or argument related to any allegedly untrue, negative, and/or defamatory "chat board" statements made by EquipmentFacts, (Doc. 103.)**

The complaint alleges that defendant posted "untrue, negative and defamatory statements on a chat board maintained as part of the system" while logged onto the bidding system computer during the 2010 auction. (Am. Compl., Doc. 17 at ¶ 22; *see also id.* at ¶ 24.) Plaintiffs did not bring a defamation claim, however, so defendant claims this evidence is not relevant.

Defendant's position is incorrect; even without a defamation claim, if defendant posted anything on the system's chat board (whether negative or positive), it tends to show that defendant was logged onto plaintiff's computer system. And, as with the previous motion, the defendant's admission of entry into the system does not preclude plaintiff's offer of proof, so this evidence is relevant to the claims brought. The Court denies the second motion *in limine*. (Doc. 103.)

3

**3. Motion *in limine* to bar any documents, testimony, other evidence, or argument related to IP addresses or other information or documents produced by Internet Service Providers, (Doc. 104)**

Defendant says that the IP address reports provided by the three ISPs (Covad, CenturyLink, and Verizon) and the testimony of those three ISPs' designated representatives is hearsay not within the business records exception.

During his deposition, the Covad-designated witness testified that he does not maintain the database system and he did not input the information into the system. In fact, he did not work there in 2010. However, he testified that it is his job to access the system to run queries in response to subpoenas. Furthermore, having submitted the requested information previously, he returned to the system in preparation for his deposition and reconfirmed that Covad's answer remained the same: that is, that the IP addresses in question were assigned to the defendant.

The system recorded the information as the IP addresses were assigned; the witness says that Covad normally keeps these records in the course of its business; Covad regularly keeps such records in its business; and the custodian witness was able to testify to each of these points. Defendant does not otherwise say these records indicate a lack of trustworthiness. This demonstrates that Covad's record of to whom it assigned this IP address fits the business records exception.

The Verizon analysis is the same as the Covad analysis. The witness provided enough foundation about the records to authenticate them as business records.

The CenturyLink analysis is the same as Covad's, with two extra components: First, CenturyLink sent a cover letter summing up and explaining the information in the two screen shots. The cover letter itself is not a business record, and plaintiffs have not made any other

argument for why the cover letter is admissible hearsay. Since the plaintiffs provide no argument specific to the cover letter, the Court grants the motion *in limine* as to the CenturyLink cover letter.

Second, the defendant says the CenturyLink information is not trustworthy because CenturyLink's witness did not know how the records were created or maintained and she said it is impossible to verify the accuracy of the information because CenturyLink only holds this kind of data for one year from the date of IP usage. The defendant would need to show that the "source of the information [or] the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E). The fact that CenturyLink keeps its records for just one year does not make their original source or method of preparation suspect.

Therefore, the Court grants this motion *in limine* only as to the CenturyLink cover letter and denies it as to the other relief it requested. (Doc. 104.)

**4. Motion in limine to bar plaintiffs claim for attorneys fees and any testimony, other evidence, or argument related to such attorney fees, (Doc 105)**

Defendant claims that attorneys' fees could be compensable only if authorized by a specific statute, and the statute referenced in the complaint (the Computer Fraud and Abuse Act) does not provide for attorneys' fees. This is not a trial matter; motions for attorneys' fees, when appropriate, follow trial. The Court denies the fourth motion *in limine*. (Doc. 105.)

### **Conclusion**

For the reasons stated in this Order, the Court denies defendant's first (Doc. 102), second (Doc. 103), and fourth (Doc. 105) motions *in limine*. The Court grants defendant's third (Doc.

104) motion *in limine* as to the CenturyLink cover letter, but denies it as to the other relief it requests.

       IT IS SO ORDERED.

                                                                                  s/ *David A. Katz*
                                                                                 DAVID A. KATZ
                                                                                 U. S. DISTRICT JUDGE